NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS BODNAR, | No. 17-55277 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01825-DSF-PLA |
| v. | |
| COUNTY OF RIVERSIDE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

California state prisoner Thomas Bodnar appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force

and deliberate indifference to his serious medical needs.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Cabrera v. City of Huntington Park*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

159 F.3d 374, 381 (9th Cir. 1998) (dismissal on the basis of res judicata); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Bodnar's Fourth and Eighth Amendment claims arising from the January 6, 2006 arrest as barred by the doctrine of res judicata because those claims were raised, or could have been raised, in a prior federal action between the same parties, and that action resulted in a final judgment on the merits. *See Cabrera*, 159 F.3d at 381 (setting forth elements of res judicata and explaining that the doctrine bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action).

The district court properly dismissed Bodnar's Eighth Amendment claims arising from medical treatment he received after the January 6, 2006 arrest because Bodnar failed to name the allegedly responsible defendants. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

The district court did not abuse its discretion by denying Bodnar further leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth

17-55277

standard of review and stating that dismissal without leave to amend is appropriate where amendment would be futile).

**AFFIRMED.**